**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DANIELLE LATRIECE TUCKER,**

        **Plaintiff,**              **Case No. 2:25-cv-1176**

    **v.**                       **Judge Edmund A. Sargus
Magistrate Judge Kimberly A. Jolson**

**CASH APP,**

        **Defendant.**

**<u>ORDER AND REPORT AND RECOMMENDATION</u>**

This matter is before the Undersigned for consideration of Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1), and the initial screen of her Complaint (Doc. 1-1) under 28 U.S.C. § 1915(e)(2). Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). After conducting the required initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Complaint (Doc. 1-1) be **DISMISSED**.

## I.      STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Complaints by *pro se* litigants are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). At

bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in his favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

Courts also "understand § 1915(e)(2) to include screening for lack of subject matter jurisdiction." *Howard v. Good Samaritan Hospital*, No. 1:21-cv-160, 2022 WL 92462, at *2 (S.D. Ohio Jan. 10, 2022). Indeed, courts are obligated to consider whether they have subject matter jurisdiction and may raise jurisdictional issues *sua sponte*. *Klepsky v. United Parcel Serv., Inc.*, 489 F.3d 264, 268 (6th Cir. 2007). If a court finds that that it lacks subject matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3).

## II.   DISCUSSION

Plaintiff's Complaint is brief.  Plaintiff alleges she experienced difficulties related to her Cash App account.  (Doc. 1-1).  Though not completely clear, it seems Plaintiff attempted at various points to either open an account or log into an account, and she was unable to do so.  (*Id.*). Potentially, one of her Cash App accounts was also closed.  (*Id.*).  Plaintiff says she believes "fraud or money laundering of some sort occurred."  (*Id.*).  The Undersigned notes that Plaintiff filed another case on the same day against PayPal.  (*See* Case No. 2:25-cv-1177).  The Undersigned recommends both cases be dismissed for substantially similar reasons.

Simply put, Plaintiff's Complaint fails to state a claim upon which relief may be granted. Indeed, Plaintiff never states what claims she is raising.  To the extent Plaintiff attempts to raise "fraud" or "money laundering," she appears to be alleging violations of criminal statutes.  Plaintiffs generally have no private right of action to sue under criminal statutes.  *See Kelly v. City of New Phila.*, No. 5:11CV474, 2011 WL 3705151, at *2–3 (N.D. Ohio Aug. 22, 2011) (quoting *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003)).

At bottom, Plaintiff's allegations are too thin to provide fair notice of the factual and legal grounds underlying her claims.  *See Twombly*, 550 U.S. at 555 (requiring a complaint "give the defendant fair notice of what the claim is and the grounds upon which it rests" (citation modified)); Fed. R. Civ. P. 8(a)(2) (saying a complaint must contain "a short and plain statement showing that the pleader is entitled to relief").  In simpler terms, Plaintiff fails to state the legal claims she brings, the facts in support of those claims (what happened), the names and specific actions of each Defendant (the persons who caused harm or injury and what they did or failed to do), and the relief requested (what Plaintiff wants the Court to do).

3

Even more, federal jurisdiction is limited. Under 28 U.S.C. § 1331, this Court has original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." Nothing in Plaintiff's Complaint allows the Undersigned to infer that she raises a claim under the U.S. Constitution or a federal law. (*See* Doc. 1-1). As stated, Plaintiff does not cite any federal law. (*Id.*). And, although 28 U.S.C. § 1332 allows for federal court jurisdiction in cases where the parties are citizens of different states, the matter in controversy must exceed the sum of $75,000. Plaintiff does not allege a specific amount in controversy and the Court cannot infer one from her Complaint. (Doc. 1-1). Accordingly, the Undersigned cannot see how the Court could exercise jurisdiction over this case.

For all these reasons, Plaintiff's Complaint should be dismissed.

## III.    CONCLUSION

For the foregoing reasons, the Undersigned **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 1). After conducting an initial screen of the Complaint under 28 U.S.C. § 1915(e)(2), the Undersigned **RECOMMENDS** that it be **DISMISSED**.

Date: October 14, 2025                     /s/Kimberly A. Jolson
                                            KIMBERLY A. JOLSON
                                            UNITED STATES MAGISTRATE JUDGE

## Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).