UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIELLE LATRIECE TUCKER,**

    **Plaintiff,**

    v.

**CASH APP,**

    **Defendant.**

Case Number 2:25-cv-1176
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge. (ECF No. 3.) After reviewing Plaintiff Danielle LaTriece Tucker's Complaint pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge recommended that this Court dismiss Plaintiff's Complaint. (*Id.*) Plaintiff filed a timely Objection to the Order and Report and Recommendation (ECF No. 4), as well as two subsequent letters about her Cash App account to the Court (ECF Nos. 5, 6).

For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 4) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 3).

## BACKGROUND

Plaintiff, proceeding *pro se*, filed a Complaint against Cash App based on difficulties she experienced with her Cash App account. (ECF No. 1-1.) As the Magistrate Judge noted, the Complaint is brief and not entirely clear. (ECF No. 3, PageID 61.) Plaintiff seems to allege that fraud or money laundering occurred because she was repeatedly asked to verify her identity, she was unable to open or log into an account, and one of her accounts was closed. (ECF No. 1-1.)

The Magistrate Judge concluded that Plaintiff's Complaint fails to state a claim upon which relief may be granted for several reasons. (ECF No. 3.) First, Plaintiff's allegations are insufficient to provide fair notice of the factual and legal grounds underlying her claims: "Plaintiff fails to state the legal claims she brings, the facts in support of those claims (what happened), the names and specific actions of each Defendant (the persons who caused harm or injury and what they did or failed to do), and the relief requested (what Plaintiff wants the Court to do)." (*Id.* PageID 61.) Second, to the extent Plaintiff attempts to raise fraud or money laundering claims, she appears to be alleging violations of criminal statutes and plaintiffs generally have no private right of action to sue under criminal statutes. (*Id.*) Third, Plaintiff did not specify how the Court has jurisdiction over this case; she does not cite federal law and does not allege an amount in controversy. (*Id.* PageID 62.) Accordingly, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint. (*Id.*)

Plaintiff submitted a letter to the Court on October 27, 2025, indicating that she does not intend to dismiss her Complaint, which the Court construes as a timely Objection to the Magistrate Judge's Order and Report and Recommendation. (ECF No. 4.) In her Objection, Plaintiff repeats some of the allegations in her Complaint, including that she is an identity theft victim and that there is fraudulent activity on her Cash App account. (*Id.* PageID 71.) Plaintiff adds that "[s]ome laws that should be taken into consideration are Gramm-Leach-Bliley Act[,] Dodd-Frank Act[,] Consumer Financial Protection Act of 2010[, and] Section 103.4 of Regulation E" and that "20 million is being requested as a settlement." (*Id.*)

## LEGAL STANDARD

If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or

2

recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is "designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress authorized federal courts to dismiss certain claims sua sponte. *Id.* 28 U.S.C. § 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Complaints must also satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The standards that the Supreme Court has articulated governing dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim apply to 28 U.S.C. § 1915(e)(2). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

## ANALYSIS

In her Objection, Plaintiff repeats some of the allegations in her Complaint, including that she is an identity theft victim and that there is fraudulent activity on her Cash App account, and adds that "some laws that should be taken into consideration are Gramm-Leach-Bliley Act[,]

3

Dodd-Frank Act[,] Consumer Financial Protection Act of 2010[, and] Section 103.4 of Regulation E" and that "20 million is being requested as a settlement." (ECF No. 4, PageID 71.) The Court agrees with the Magistrate Judge that Plaintiff's allegations do not provide fair notice of the factual and legal grounds underlying her claims. *See Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (explaining that Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests"). The Complaint does not identify the claims Plaintiff is raising, describe how Defendant's conduct gives rise to those claims, or explain how this Court has jurisdiction to adjudicate those claims.

Even liberally considering the new allegations and causes of action Plaintiff sets forth in her Objection, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff's factual allegations remain difficult to comprehend. And the list of federal statutes in Plaintiff's Objection does not remedy her failure to include a legal basis for this action in her Complaint. *Phillips v. U.S. Fed. Gov't*, No. 1:23 CV 1799, 2024 WL 69192, at *2 (N.D. Ohio Jan. 5, 2024) ("Merely listing federal statutes as a basis for jurisdiction or a cause of action does not meet the federal pleading standard."); *see also Fernanders v. Mich. Dep't of Mil. & Veterans Affs.*, No. 12-11752, 2012 WL 3262861, at *3 (E.D. Mich. Aug. 9, 2012) (explaining that stating in a conclusory manner that a defendant violated a laundry list of federal statutes is insufficient to establish a claim for relief under the Federal Rules of Civil Procedure). Plaintiff's allegations leave the Court "guess[ing] at basic elements of Plaintiff's purported claims." *Phillips*, 2024 WL 69192, at *2.

Plaintiff's Objection and Complaint, even liberally construed, offer only conclusory factual and legal statements, which, as the Magistrate Judge explained, are insufficient to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons above, the Court **OVERRULES** (ECF No. 4) Plaintiff's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 3) the Magistrate Judge's Order and Report and Recommendation. The Court **DISMISSES** Plaintiff's Complaint.

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Opinion and Order to Plaintiff Danielle LaTriece Tucker at 1903 F Independence Blvd., Lancaster, Ohio 43130.

    **IT IS SO ORDERED.**

**1/16/2026**                                    s/Edmund A. Sargus, Jr.
**DATE**                                             **EDMUND A. SARGUS, JR.**
                                                          **UNITED STATES DISTRICT JUDGE**